UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRAIG ALLEN REED,

     Plaintiff,

v.

CHARLES J. BURTON, ET AL.,

     Defendants.

Civil Action No. 5:20-069-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Craig Allen Reed was recently incarcerated at the Fayette County Detention Center (FCDC) in Lexington, Kentucky.  Proceeding without a lawyer, Reed filed a complaint with this Court in which he asserts numerous distinct claims against multiple FCDC employees in both their official and individual capacities.  [R. 1].  Reed's complaint is now before the Court on initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), and the Court will analyze his claims in the order in which he asserts them.  [*See* R. 1 at 4-8].

### A.  Official-Capacity Claims

As an initial matter, Reed asserts official-capacity claims against the named defendants. These claims, of course, amount to claims against Fayette County.  *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003).  However, Fayette County is not liable merely because it employs the named defendants; in fact, the county cannot be held responsible for alleged constitutional deprivations unless there is a direct causal link

between a county policy or custom and the deprivation in question.  *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978).  Here, Reed does not allege that any Fayette County policy or custom prompted the named defendants' alleged actions.  Therefore, Reed has failed to state official-capacity claims against the FCDC employees, and, as a result, the Court will dismiss those claims with prejudice.

### B.  Individual-Capacity Constitutional Claims

The Court will also dismiss Reed's constitutional claims against the defendants in their individual capacities.  Analyzing Reed's various claims in the order in which he asserts them, Reed sues Sergeant Burton, Captain Strange, Major Hall, Nurse Mayfield, Director Fisher, Director Haney, and Assistant Director Bryne.  [*See* R. 1 at 4-8].

### 1.  Sergeant Burton

Reed first sues Sergeant Burton and vaguely alleges that "Burton filed false criminal charges against me for an unknown leafy substance that he says he found in this common area bathroom that 11 other inmates share [and] use all day long."  [*Id.* at 4].  Reed insists that he had "no drugs or any substance" in his system or possession and, thus, he claims that he has been "wronged by Sgt. Burton."  [*Id.*].  Reed then concludes this portion of his complaint by saying that he is suing Burton "for emotional distress."  [*Id.*].

Reed's *pro se* complaint could be broadly construed as asserting a false arrest claim under 42 U.S.C. § 1983.  However, to the extent that Reed intends to assert such a civil rights claim, the Court will dismiss it without prejudice.  That is because Reed's complaint, as currently drafted, simply does not allege enough clear facts regarding the circumstances in question to state a claim for relief.  In fact, it does not appear that Reed is actually challenging an arrest.  After all, while

2

Reed refers in his complaint to "false criminal charges," he also submitted a cover letter in which he references documents in a previously closed civil case.  [*See* R. 1-1 (discussing documents in *Reed v. Fayette County Detention Center*, No. 5:20-cv-040-WOB, at R. 1 (E.D. Ky. 2020))].  In one of those documents, Reed says that he was "written up for possession of contraband that was found to be a leafy substance," *see Reed*, No. 5:20-cv-040-WOB at R. 1-2 at 1, suggesting that he actually wants to challenge a FCDC disciplinary decision.  Reed, however, has not identified any legal authority that would allow him to challenge a FCDC disciplinary decision via § 1983.  Simply put, neither Reed's factual allegations nor legal claim against Burton are clear.  Thus, to the extent that Reed intends to assert a false arrest civil rights claim against Burton, the Court will dismiss that claim without prejudice.

## 2.  Captain Strange

Reed next sues Captain Strange for allegedly refusing to place him in protective custody.  [*See* R. 1 at 4-5].  As an initial matter, Reed's allegations against Strange are difficult to follow.  As best as the Court can tell, Reed is alleging that another inmate "attacked/assaulted" him and "made threats against [his] life," and Reed subsequently asked Strange to place him in protective custody.  [*Id.*].  Reed, however, says that "Strange has denied my grievance complaint."  [*Id.* at 5].  As a result, Reed complains that Strange "is putting my life in danger by refusing my request for placing me in [protective custody]."  [*Id.*].  Reed then concludes by saying that he is suing Strange "for emotional distress, negligent infliction of emotional distress."  [*Id.*].

While Reed's complaint, as currently drafted, suggests that he is only pursuing a state law tort claim against Strange, his pleading could be broadly construed as asserting a failure-to-protect civil rights claim.  However, to the extent that Reed intends to assert such a claim against Strange, the Court will dismiss it without prejudice.  That is because Reed does not allege what, if any,

3

harm he suffered as a result of Strange's alleged refusal to place him in protective custody. Moreover, Reed does not request any form of prospective injunctive relief related to his custody status,[1] and, in any event, the record suggests that he has now been released from the FCDC. [*See* R. 7-2 at 2]. In short, once again, neither Reed's factual allegations nor legal claims are clear. Thus, to the extent that Reed intends to assert a failure-to-protect civil rights claim against Strange, the Court will dismiss that claim without prejudice.

### 3.   Major Hall

While Reed next sues Major Hall, he does not allege, with any specificity, what Hall did or failed to do to cause him harm. [*See* R. 1 at 5]. Instead, Reed says that "Hall has denied all of my grievance complaint and appeals," before vaguely adding that he has "been mistreated badly" and suffered "wrongful punishment because of all the corruption in this jail." [*Id.*]. As currently drafted, these generic allegations are not enough to state a civil rights claim. Thus, to the extent that Reed intends to assert such a claim against Hall, the Court will dismiss it without prejudice.

### 4.   Nurse Mayfield

Reed next sues Nurse Mayfield and suggests that, when he had a seizure in late November of 2019, she provided him with legally inadequate medical care. [*See* R. 1 at 6]. While not altogether clear, Reed's complaint could be broadly construed as claiming that Mayfield displayed a deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. [*See id.*]. However, to the extent that Reed intends to assert such a claim against Mayfield, the Court will dismiss it with prejudice for failure to state a claim upon which relief may be granted.

---

[1] Reed does check a box on his complaint form indicating that he wants the Court to grant him injunctive relief. [R. 1 at 8]. However, when asked to specify the type of injunctive relief he is seeking, Reed says, "15 million." [R. 1 at 8]. Thus, it appears that Reed is only seeking money damages in this case.

4

As the United States Court of Appeals for the Sixth Circuit has explained, there are two parts of a deliberate indifference claim: one objective and one subjective. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). To satisfy the objective component, the plaintiff must allege a sufficiently serious medical need. *See id.* To satisfy the subjective component, the plaintiff must allege that the defendant possessed a sufficiently culpable state of mind. *See id.* at 874-75.

Here, even if the Court assumes that Reed has alleged a sufficiently serious medical need, he has not alleged in any clear way that Mayfield acted with the culpable state of mind required to satisfy the subjective component of a deliberate indifference claim. After all, Reed alleges that, on the day in question, Mayfield examined and treated him, even giving him one dose of a specific type of medication. [*See* R. 1 at 6]. Reed further alleges that he was taken to the hospital and was even given blood and urine tests. [*See id.*]. Although Reed claims that Mayfield "misdiagnose[d]" him by "wrongfully treat[ing]" him for a drug overdose, these allegations amount to a claim of mere negligence, not cruel and unusual punishment. Indeed, the Sixth Circuit has repeatedly made it clear that disagreements over the proper course of treatment do not give rise to a constitutional claim of deliberate indifference. *See Roller v. Dankwa*, No. 17-6201, 2018 WL 5018507, at *2 (6th Cir. June 21, 2018); *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017). Thus, to the extent that Reed intends to assert an Eighth Amendment claim against Mayfield, the Court will dismiss it with prejudice for failure to state a claim upon which relief may be granted.

5. Director Fisher, Director Haney, and Assistant Director Bryne

Finally, Reed sues Director Fisher, Director Haney, and Assistant Director Bryne. However, Reed's allegations against these defendants are very difficult to follow. [*See* R. 1 at 6-7]. For example, despite acknowledging that he was convicted of a crime [*see id.* at 1], Reed confusingly alleges that Fisher "wrongfully placed me in Jail with no proof or any good reason!!!"

5

[*Id.* at 6].   Reed then repeats this statement before blaming Haney and Bryne for allowing unspecified "corruption to go on" at the FCDC and "doing nothing to stop these ongoing problem[s] here."   [*Id.* at 7].   As currently drafted, these generic allegations are simply not enough to state civil rights claims.   Thus, to the extent that Reed intends to assert such claims against the listed defendants, the Court will dismiss those claims without prejudice.

### C.  State Law Claims

At this point, the Court has dismissed Reed's official-capacity claims and individual-capacity constitutional claims.   That leaves only Reed's various state law claims against the defendants.   The Court, however, declines to exercise supplemental jurisdiction over these claims. That is because the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining jurisdiction over those claims.   *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims").

Accordingly, it is hereby **ORDERED** as follows:

1. Reed's official-capacity claims against the defendants are **DISMISSED** with prejudice.

2. Reed's individual-capacity constitutional claims Sergeant Burton, Captain Strange, Major Hall, Director Fisher, Director Haney, and Assistant Director Bryne are **DISMISSED** without prejudice.

3. Reed's individual-capacity Eighth Amendment deliberate indifference claim against Nurse Mayfield is **DISMISSED** with prejudice.

4. Reed's state law claims against the defendants are **DISMISSED** without prejudice.

5.  This action is **STRICKEN** from the Court's docket.

6.  A corresponding Judgment will be entered this date.

Dated April 30, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY